USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
GOLDEN INSURANCE COMPANY, :
:
Plaintiff, :
: 20-cv-1163 (LJL)
-v- :
: ORDER
INGRID HOUSE, INC., ARCH SPECIALTY :
INSURANCE COMPANY, and THE STATE :
INSURANCE FUND, :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Golden Insurance Company ("Golden Insurance" or "Plaintiff") moves for reconsideration of the Court's May 10, 2021 Opinion and Order, Dkt. No. 80, denying Plaintiff's motion for summary judgment and granting summary judgment in favor of Defendant Ingrid House, Inc. ("Ingrid House"). For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The facts of the case are set forth in full in the Court's Opinion and Order dated May 10, 2021. Dkt. No. 80. In short, Plaintiff seeks a declaratory judgment that Ingrid House was not covered for losses arising out of an accident on December 24, 2015 under an insurance policy issued by Plaintiff. The parties cross-moved for summary judgment, and the Court granted summary judgment in favor of Ingrid House, finding that Golden Insurance could not disclaim coverage under either of two endorsements to the policy, because the undisputed facts established that it had failed to give written notice of the disclaimer as soon was "reasonably possible" as required under New York Insurance Law § 3420(d)(2).

Golden Insurance moved for reconsideration on May 24, 2021. Dkt. No. 81. Ingrid House filed its opposition on June 21, 2021, Dkt. No. 86, and Golden Insurance responded on July 9, 2021, Dkt. No. 87.

## LEGAL STANDARD

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## DISCUSSION

Golden Insurance raises three arguments in support of its motion for reconsideration. First, it argues that the Court erred in finding that Golden Insurance had not timely disclaimed,

because it had a duty to defend which eliminated its duty to disclaim.  Second, it argues that the Court erred in finding that it was required to make a timely disclaimer of coverage pursuant to Insurance Law § 3420(d) because the disclaimer was based upon policy exclusions.  Finally, Golden Insurance argues that Section 3420(d)(2) does not apply to it at all because it is a risk retention group ("RRG").  The Court addresses these arguments in turn.

Golden Insurance's first argument was addressed in the Court's prior opinion.  Golden Insurance argues that it had a duty to defend the underlying action and that this duty to defend eliminated its duty to disclaim.  But as the Court held in its prior opinion, "[a]n insurer can both disclaim coverage and provide a defense pursuant to a reservation of rights."  Dkt. No. 80 at 22; *see Century Surety Co. v. Franchise Contractors, LLC*, 2016 WL 1030134, at *5 (S.D.N.Y. Mar. 10, 2016) ("New York law permits insurers to provide their insureds with a defense subject to a reservation of rights to among other things later recoup their defense costs upon a determination of non-coverage" (quoting *Maxum Indem. Co. v. A One Testing Labs., Inc.*, 150 F. Supp. 3d 278, 283-84 (S.D.N.Y. 2015))).  There is no reason why Golden Insurance could not have disclaimed while providing a defense pursuant to a reservation of its rights.  This argument was addressed in the previous opinion and is without merit in the first place; Golden Insurance fails to identify a change in controlling law or the availability of new evidence.

Second, Golden Insurance argues that the Court erred in holding that Golden Insurance was required to disclaim pursuant to Section 3420(d) because the disclaimer was based on policy exclusions.  Specifically, Golden Insurance argues that the risk at issue here was not covered by the policy, and accordingly it was not required to disclaim.  Golden Insurance argues that this risk was never covered by the policy because "the Policy's Declaration Page notes that 'Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue'"

3

include a schedule and that schedule, in turn, includes the two Endorsements under which coverage might have been excluded. Dkt. No. 82 at 14. The Court addressed this argument in its prior opinion. The plain language of the Golden Policy carefully distinguishes between the scope of the policy and the exclusions from the policy. Dkt. No. 80 at 15-18. Endorsement #10 and Endorsement #30 are defined as exclusions, and New York law is clear that disclaimer is required when a claim is based upon a policy exclusion. *See GPH Partners, LLC v. Am. Home Assur. Co.*, 929 N.Y.S.2d 131, 132 (1st Dep't 2011) ("A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy . . . [but] a timely disclaimer pursuant to Insurance Law § 3420(d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion."). Golden Insurance has raised no new evidence or clear error in the Court's reasoning that would warrant reconsideration of the Court's prior holding.

Third and finally, Golden Insurance argues that the Court should not have applied New York Insurance Law § 3420(d)(2) because Golden Insurance is an RRG, that is, an issuer of insurance owned and operated by insureds who work in the same industry and are exposed to similar liability risks. Golden Insurance points to New York case law holding that RRGs are not subject to the timely disclaimer requirements of Section 3420(d)(2). *See Nadkos, Inc. v. Preferred Contrs. Ins. Co. Risk Retention Grp. LLC*, 132 N.E.3d 568, 571 (N.Y. 2019) (holding that the disclaimer requirements of Section 3420(d)(2) do not apply to risk retention groups); *Whitestate Consulting & Contracting v. JT Constr. & Mgm't Inc.*, 2021 WL 408234, at *5 (N.Y. Sup. Ct. Feb. 5, 2021) (same).

However, in the 56 pages it submitted in connection with the motions for summary judgment, Golden Insurance never invoked this principle or made the argument that Section 3420(d)(2) did not apply to it because it is an RRG. Indeed, it never mentioned that it was an

RRG, invoked the principles or law it now cites, or mentioned any of the cases it now relies upon, prior to making its motion for reconsideration.  A motion for summary judgment is not a trial run, where a party can raise some arguments while holding others in reserve.  Golden Insurance has made no argument nor identified any reason why the argument it makes now could not have been made earlier.  Because Golden Insurance was required to raise this issue on the underlying motion and did not, it cannot raise the issue now on a motion for reconsideration.  *See Comm. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 360 (S.D.N.Y. 2005) ("The controlling decisions or factual matters presented by a litigant for reconsideration must have been put before the court in the underlying motion."); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[A] motion for reconsideration is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.").

## CONCLUSION

The motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 14, 2021
       New York, New York
                                            _____
                                                     LEWIS J. LIMAN
                                                United States District Judge

5